Geraldine C. RIDINGS, Libelant-Appellee,

Gloria Vandervoort, Applicant-Intervenor-Appellant,

v.

The MOTOR VESSEL EFFORT, her engines, etc., Respondent-Appellee,

M.V. Effort, Inc., Claimant-Appellee.

No. 72, Docket 34855.

United States Court of Appeals, Second Circuit.

Àrgued Oct. 19, 1970.

Decided Nov. 12, 1970.

Stephen A. Humsjo, Freeport, N. Y. for applicant-intervenor-appellant.

Lawrence W. McKeown, Mineola, N. Y., receiver for M.V. Effort, Inc.

Nicholas E. Monsour, Brooklyn, N. Y. (Williams & Monsour, Robert J. Williams, on the brief), for appellee, Geraldine C. Ridings.

Before WATERMAN, ANDERSON and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

In 1963, one Ida Wrege transferred a vessel she owned, the "Effort," to a New York corporation, M.V. Effort, Inc. Not long thereafter, William Ridings, a New York City police detective, and Charles Vandervoort, Mrs. Wrege's son-in-law, became interested in purchasing the boat. This culminated in complicated business arrangements between Mrs. Wrege, the Security National Bank of Long Island, the Corporation, Mr. and Mrs. Ridings, and Mr. and Mrs. Vandervoort. After a short period of tranquillity, the parties had a falling out and have been in conflict ever since. The ensuing litigation has been unusually fierce, both in the United States District Court for the Eastern District of New York, see our prior decision in this case, Ridings v. Motor Vessel "Effort," 387 F.2d 888 (2d Cir. 1968), and in the New York State Supreme Court.[1]

---

1. In 1966, after Mrs. Ridings brought the instant admiralty action, Mrs. Vandervoort began a stockholder's derivative action for waste against M.V. Effort, Inc. in the Supreme Court, Nassau County.

See Gloria Vandervoort, as Administratrix of the Estate of Charles E. Vandervoort, Deceased, a stockholder of the Corporation M.V. Effort, Inc., on behalf of the Estate of Charles E. Vandervoort,

On the prior appeal in this court, we held that libellant Geraldine Ridings could not foreclose a mortgage on the vessel under 46 U.S.C. § 911 et seq., that the order of the district court allowing such foreclosure had to be set aside and that the boat had to be returned to the Corporation. The vessel had apparently been sold before the appeal was decided, once by the marshal for $22,500 and a second time by the purchaser to M.V. Robin, Inc., a corporation controlled by Mr. and Mrs. Ridings. Over the opposition of the Ridings, the boat was eventually returned to Mrs. Vandervoort, as receiver of the Corporation; the sum which had been received from the marshal's sale was kept in the registry of the court. This was done in October 1968. The Ridings charged Mrs. Vandervoort with a number of failings as receiver of the Corporation, principally that the vessel was wasting, and that a considerable bill was being allowed to accumulate as a lien against the vessel. Not long thereafter, she was removed as receiver by an order of the state court and Lawrence W. McKeown was appointed in her place. Mr. McKeown was then substituted for Mrs. Vandervoort in this admiralty action. The charges and countercharges between the Ridings and Mrs. Vandervoort flew thick and fast, but Mr. McKeown attempted to work out an amicable settlement. This proved to be conspicuously unsuccessful, and the vessel was ultimately sold again to satisfy the liens upon it. As receiver for the Corporation, Mr. McKeown eventually settled the claims of the Corporation against the Ridings and those of the Ridings against it for the sum of $1,885 and an exchange of releases.

In February 1970, an order of the district court distributed the moneys on deposit with it from the sale of the vessel, satisfying various liens upon it, giving the Receiver of the Corporation the amount agreed upon for the Corporation, and returning the balance to Robin cor-

poration. The order also directed all further proceedings to be brought in the related state court action. Mrs. Vandervoort appeals from that order and from a prior order denying her motion to intervene as a stockholder of M.V. Effort, Inc.

We affirm the orders of the district court. This case does not belong in the federal courts, as we indicated in our earlier opinion. While the filing of the original libel in the Eastern District was not the doing of Mrs. Vandervoort, we see no reason for prolonging this litigation in a federal forum when there is ample opportunity for all, including Mrs. Vandervoort, to assert their many claims in the state proceeding. The instant federal action is but a minor episode in the legal disputes between Mrs. Vandervoort and the Ridings. Representative of the scope of the stockholders action are Mrs. Vandervoort's allegations that the Ridings, while in control of M.V. Effort, Inc., misappropriated corporate funds, used those funds to purchase the ship's mortgage, and caused the corporation to default. The Ridings, denying all, argue, inter alia, that Mrs. Vandervoort has no cause of action because her husband never owned any stock in the Corporation, and that she exceeded her powers as temporary receiver and must account for the period during which the "Effort" was in her control. The effect of the releases entered into by the Receiver should be litigated in the state proceeding. If, as appellant argues, the Receiver has acted improvidently or improperly, the best place to press those claims is in the court which appointed him, particularly since the Receiver has expressly disclaimed any intention to rely on the federal court order for a defense of collateral estoppel or *res judicata*. We intend by our affirmance to leave open the issue of the propriety of the Receiver's actions.

Affirmed.

---

and all other stockholders of the Corporation v. M.V. Effort, Inc., et al., Index

No. 2283/1966, Supreme Court, Nassau Co.